10-4617
Mehmood v. Holder

BIA
Straus, IJ
A071 993 787

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand thirteen.

PRESENT:
>    JOSEPH M. MCLAUGHLIN,
>    PIERRE N. LEVAL,
>    ROSEMARY S. POOLER,
>        *Circuit Judges.*

_____

KHALID MEHMOOD, AKA KHALID MAHMOOD,
>        *Petitioner,*

>    v.                                    10-4617
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:        Glenn T. Terk, Wethersfield, CT

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Paul Fiorino, Senior
                        Litigation Counsel; Matthew B.
                        George, Trial Attorney, Office of
                        Immigration Litigation, United States
                        Department of Justice, Washington,
                        D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Khalid Mehmood, a native and citizen of Pakistan, seeks review of an October 13, 2010, order of the BIA, affirming the November 24 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied Mehmood's application for adjustment of status and ordered him removed. *In re Mehmood,* No. A071 993 787 (B.I.A. Oct. 13, 2010), *aff'g* No. A071 993 787 (Immig. Ct. Hartford Nov. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Mehmood initially argues that he is not barred from adjustment of status under Immigration and Nationality Act ("INA") § 212(a)(9)(C)(i)(II), 8 U.S.C. § 1182(a)(9)(C)(i)(II), a provision that went into effect in April 1997 as part of the Illegal Immigration Reform and

2

Immigrant Responsibility Act ("IIRIRA"), *see* Pub. L. No. 104-208, Div. C, § 309(a), 110 Stat. at 3009-625, because "this provision was meant to apply to those aliens who had been removed and who were still inadmissible." Under that provision, an alien is "admissible" if, after being removed, he "enters or attempts to reenter the United States without being admitted." 8 U.S.C. § 1182(a)(9)C)(i)(II). Prior to IIRIRA, an alien previously excluded was barred from seeking readmission for one year, and because Mehmood remained outside the United States for more than one year following his exclusion, he would not jave beem inadmissible prior to his reentry without inspection under . *See* 8 U.S.C. § 1182(a)(6)(A) (1994) (amended 1997, providing that "[a]ny alien who has been excluded from admission and deported and who again seeks admission within one year of the date of such deportation is excludable"). Therefore, it is not disputed that under the law in effect when Mehmood was excluded in 1992, he was inadmissible for only one year. However, Mehmood provides no authority in support of his suggestion that INA § 212(a)(9)(C)(i)(II) "was meant to apply to those aliens who had been removed and who were still inadmissible, as a result, and reentered the United

3

States unlawfully," nor is any such limitation supported by the statutory language.

Mehmood's primary contention is that the agency erred in retroactively applying INA § 212(a)(9)(C)(i)(II) to bar him from adjusting his status, because he remained outside the United States for more than one year following his 1992 exclusion, as was required under former 8 U.S.C. § 1182(a)(6)(A) (1994). In determining whether a statute is impermissibly retroactive, we first look to whether the statute clearly specifies that it is to have retroactive effect. *See Samuels v. Chertoff*, 550 F.3d 252, 260 (2d Cir. 2008) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 257 (1994)). Where, as here, the statute has an effective date, without explicit guidance as to its retroactive effect, we proceed to determine whether the application of the statute would produce an impermissible retroactive effect, *i.e.*, whether it "'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id*. (quoting *INS v. St. Cyr*, 533 U.S. 289, 321 (2001)).

Mehmood argues that applying INA § 212(a)(9)(C)(i)(II) to his case would have an impermissible retroactive effect because it would "impair[] a right he possessed prior to its enactment," meaning that before IIRIRA, having remained outside the United States for the requisite one year, Mehmood had an expectation that, if he returned to the United States and married a United States citizen, he would be eligible for adjustment of status. In *Herrera-Molina v. Holder*, 597 F.3d 128, 135 (2d Cir. 2010), we considered the case of an alien who married a United States citizen before IIRIRA went into effect, but applied for adjustment of status after the effective date of IIRIRA, a provision of which barred him from adjustment. We concluded that applying IIRIRA to the alien was not impermissibly retroactive because the alien had not applied for adjustment of status before IIRIRA's effective date and therefore had no vested right to adjustment of status. *Id.* at 135-38. Here, Mehmood did not re-enter the United States, marry a United States citizen, or apply for adjustment of status until after the April 1, 1997 effective date of INA § 212(a)(9)(C)(i)(II). Therefore, his argument that

5

applying INA § 212(a)(9)(C)(i)(II) to his case would have an impermissible retroactive effect is *a fortiori* without merit.  *See id.*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk